UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 09-8509 DSF | Date | 7/6/10 |
|---|---|---|---|
| Title | In re Thorpe Insulation Co., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Opinion Vacating and Remanding Order of the Bankruptcy Court

    Appellants are certain insurance companies who insured Debtor and Appellee Thorpe Insulation Company against liability stemming from its asbestos related operations. Appellants and several other insurance companies have been engaged in a coverage dispute with Thorpe in Los Angeles County Superior Court. This coverage litigation has been stayed during the pendency of Thorpe's bankruptcy. During the course of its bankruptcy, Thorpe has settled its coverage claims with a number of insurers, including Appellees Employers Reinsurance Corporation, Westport Insurance Corporation, and Swiss Re Companies (collectively "ERC"). Appellants have not settled their coverage disputes with Thorpe.

    Pursuant to Federal Rule of Bankruptcy Procedure 9019, Thorpe and ERC presented their proposed settlement to the bankruptcy court for approval. Appellants objected, claiming that the settlement purported to extinguish contribution and other claims held by Appellants and that the settlement provided that it could be amended without notice to interested parties or approval of the bankruptcy court. The bankruptcy court found that the settlement did not purport to affect Appellants' rights. (R. at 141, ¶ 16.) The bankruptcy court also attempted to extinguish doubt as to this issue by including a statement in its order that the settlement did not "terminate, enjoin, [etc.], or limit in any way any contribution, reimbursement and/or indemnification claims that any and all non-settling insurers of the Debtor have, or may have, against ERC (collectively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

the 'Contribution Claims')." (R. at 136.)[1] The bankruptcy court does not appear to have made any findings with regard to the amendment issue. Thorpe and ERC filed a motion to dismiss this appeal based on an alleged lack of appellate standing, which was denied.

The Court finds that the bankruptcy court erred as a matter of law in concluding that the settlement did not purport to affect Appellants' rights. Thorpe – and especially ERC – argue that the agreement does not purport to extinguish Appellants' contribution rights. However, these arguments are based more on what the agreement should have said than on what it does say. The settlement states that:

> [U]pon receipt . . . of the Initial Cash Payment, ERC shall have bought back the Insurance Rights free and clear of any and all Claims, and the rights, title or interest of any Entity, and shall be credited with the return of all premiums received, and, as a result, the Subject Insurance Policies shall no longer remain in effect.

(R. at 48, ¶ 4.1.2.)

The settlement also states:

> Except as provided in Section 3.8.7, in no event shall ERC have any further obligations or liability to any Entity by reason of its issuance of the Policies, rather, ERC's obligations and liability shall be limited to those imposed under the terms of this Agreement.

(R. at 47, ¶ 3.8.9.)

"Entity" and "Claim" are defined broadly, (see R. at 35, ¶ 1.18; R. at 37, ¶ 1.30), and there is no apparent dispute that Appellants and any prospective claims they might have against ERC are covered by those definitions. Given the definitions, the plain language of the settlement provisions quoted appears to release claims held by Appellants.[2] The settlement agreement does contain a judgment reduction provision that

---

[1] "R." refers to the "Appellants' Excerpts of Record in Support of Opening Brief."

[2] Section 3.8.3 also suggests that the settlement may impact Appellants' rights. It requires Thorpe, under certain circumstances, to seek a declaratory judgment "that the Section 363 sale of the Subject Insurance Policies is effective as to all persons, including all present and future holders of . . . Contribution Claims." (R. at 45, ¶ 3.8.3.) It then provides for the distribution of assets "[i]n the event that such action or actions result in a final judgment declaring that ERC has no further liability to the holders of . . . Contribution Claims." (Id.) Thus, there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

would allow judgments against Appellants in favor of Thorpe or the Thorpe Trust to be reduced by the just contribution of ERC. (R. at 54-55.) However, it is not clear that this provision applies in all circumstances,[3] and the bankruptcy court did not analyze the issue.

As noted above, the bankruptcy court tried to limit the settlement's effect on Appellants. However, the bankruptcy court's clear statement that Appellants' rights are not affected is seemingly contradicted in the same paragraph: "This Order shall not alter any right that ERC may have as a result of its entry into the Agreement, or its performance of its obligations thereunder, to terminate, enjoin, [etc.] or limit in any way the Contribution Claims pursuant to: (a) California Code of Civil Procedure 877.6; (b) any provision of federal statutory or common law; and/or (c) any other applicable state law."[4] (R. at 136.) A review of the oral argument on the motion suggests that the bankruptcy court did not believe that the settlement could affect non-parties to the settlement, such as Appellants, and, in any event, the bankruptcy court was content to leave the question of the settlement's impact on Appellants up to later state court proceedings. (See R. at 113, 115-16, 119-20, 122-26.) Therefore, the ambiguity of the order – if it was even intended – appears to stem from a desire to approve the settlement without stating a position on the settlement's effect on Appellants. This path was not available to the bankruptcy court. If the settlement causes formal legal prejudice to Appellants, Appellants have certain rights to be heard and considered during the settlement approval process to ensure that the settlement is "fair and equitable."[5] See

---

obviously some basis for believing that the settlement extinguishes Appellants' contribution claims.

[3] In its order denying the motion to dismiss, the Court identified at least one area where the judgment reduction provision may not protect Appellants – direct actions of claimants against Appellants. (See Order Denying Motion to Dismiss at 2 n.3.)

[4] There are ways in which this ambiguity could be resolved. For example, ERC implies that it wishes to retain the right to argue that its contribution of millions of dollars pursuant to the settlement discharges any equitable obligation to contribute to Appellants. (See ERC Brief at 13-14.) The Court doubts that retention of this equitable defense would qualify as formal legal prejudice to Appellants. However, neither ERC or Thorpe has explicitly endorsed this reading of the settlement or order – despite many opportunities to do so – and the bankruptcy court's order cannot fairly be read this narrowly on its face.

[5] The Court expresses no opinion as to the appropriate level of consideration Appellants' interests are entitled in the fair and equitable determination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

<u>Waller v. Financial Corp. of Am.</u>, 828 F.2d 579, 583 (9th Cir. 1987); <u>In re A&C Prop.</u>, 784 F.2d 1377, 1381 (9th Cir. 1986).  If the settlement does not, in fact, affect Appellants under applicable state law then they do not have those rights.  However, it is not an adequate response to leave the question of prejudice ambiguous and open to later state court proceedings.

This is not to say that the settlement provisions that Appellants complain of are actually enforceable under applicable state law; those provisions may be null.  It is also possible that the judgment reduction clause adequately addresses any prejudice that Appellants might suffer from other provisions of the settlement agreement.  In any event, unambiguous findings have to be made on these issues before Appellants' interests can be disregarded in approving the settlement.

It is not clear whether the bankruptcy court intended to grant Thorpe and ERC a right to amend the settlement during the pendency of the bankruptcy proceedings without notice or bankruptcy court approval.  If it did, Thorpe and ERC have provided no legal basis for that ruling.  Thorpe offers to agree that it will not make "material" alterations to the settlement.  But it provides no support for the notion that it can make any changes – material or not – to the settlement while in bankruptcy without court approval.  As Appellants correctly point out, materiality is in the eye of the beholder and provides little comfort to potentially adverse parties.

The order of the bankruptcy court is VACATED and REMANDED.